IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBIN O. WELLS, | ) | 8:10CV301 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NORFOLK REGIONAL CENTER, | ) | |
| and or Hospital, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Robin O. Wells ("Wells") filed his Complaint in this matter on August 13, 2010. (Filing No. 1.) Wells has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of Wells's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Wells filed his Complaint on August 13, 2010, against the "Norfo[l]k Reg[io]nal Center and or Hospital." (Filing No. 1 at CM/ECF p. 1.) In the Complaint, Wells alleges that his son, Tyree Wells, died while he was under the care of the Norfolk Regional Center. (*Id.* at CM/ECF p. 2.) Wells states that his son underwent a tooth extraction, but "never received any antibody to kill bacter[ia] before the extraction." (*Id.*) His son subsequently died of an untreated tooth abscess. (*Id.*) Wells asks the court to investigate his son's death. (*Id.* at CM/ECF p. 3.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious

claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III.  DISCUSSION OF CLAIMS**

    **A.  Standing**

Liberally construed, Wells's Complaint alleges violations of his son's civil rights under 42 U.S.C. § 1983, violations that Wells claims resulted in his son's wrongful death. However, as set forth below, Wells does not have standing to bring such claims as the decedent's father.

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). Standing under the Civil Rights Statutes is guided by 42 U.S.C. § 1988, which authorizes reference to state law

for questions left unanswered by the applicable federal law. *Landrum v. Moats*, 576 F.2d 1320, 1323 n.2 (8th Cir. 1978). Because 42 U.S.C. § 1983 does not mention standing, the court must turn to Nebraska law in order to determine whether Wells, as the decedent's father, has standing to allege violations of his son's civil rights under 42 U.S.C. § 1983, violations that Wells claims resulted in his son's wrongful death. In Nebraska, a wrongful death cause of action must be "brought by and in the name of the [decedent's] personal representative for the exclusive benefit of the widow or widower and next of kin." Neb. Rev. Stat. § 30-810.

Here, Wells has not alleged that he is the personal representative of his son's estate. On its own motion, the court will permit Wells until January 14, 2011, to either (1) submit an affidavit or other evidence showing that he is the personal representative of his son's estate or (2) substitute the personal representative of his son's estate as plaintiff. If Wells fails to file such an affidavit or other evidence in accordance with this Memorandum and Order, or fails to substitute the personal representative of his son's estate as plaintiff, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### B. Plaintiff's Pro Se Status

Wells filed this matter pro se. The law states that an estate administrator who is not the sole beneficiary of an estate engages in the unauthorized practice of law if he represents the estate as a pro se plaintiff. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1994) ("We now hold that an administratrix or executrix of an estate may not proceed pro se when the estate has beneficiaries or creditors other than the litigant."); see also *Waite v. Carpenter*, 496 N.W.2d 1 (Neb. Ct. App. 1992). Accordingly, if Wells is the personal representative of his son's estate, the court cannot permit Plaintiff to proceed pro se without proof that he is the sole beneficiary and creditor of the estate. Thus, on its own motion, the court will permit Wells until January 14, 2011, to submit an

affidavit or other evidence that proves he is the sole beneficiary and creditor of the estate. In the alternative, Wells may obtain counsel. If Wells fails to file such an affidavit or other evidence in accordance with this Memorandum and Order, or fails to obtain counsel, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.[1]

IT IS THEREFORE ORDERED that:

1. By **January 14, 2011**, Wells must either (1) submit an affidavit or other evidence showing that he is the personal representative of his son's estate <u>or</u> (2) substitute the personal representative of his son's estate as plaintiff.

2. By **January 14, 2011**, Wells must submit an affidavit or other evidence that proves he is the sole beneficiary and creditor of the estate. In the alternative, Wells may obtain counsel.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: January 14, 2011: Check for affidavit or other evidence.

4. If Plaintiff fails to comply with the requirements set forth in this Memorandum and Order, the court will dismiss this matter without prejudice.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice**.

---

[1] The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

DATED this 2nd day of December, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.